# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| DAVID WOODALL, | } |
| Plaintiff, | } |
| v. | } Case No.: 4:22-cv-01357-RDP |
| CARGILL MEAT SOLUTIONS CORPORATION, | } |
| Defendant. | } |

## MEMORANDUM OPINION

This matter is before the court on Byrd Maintenance Services, Inc.'s Motion to Intervene. (Doc. # 5). For the reasons discussed below, the motion is due to be granted.

**I.    Background**

Defendant Cargill Meat Solutions Corporation ("Cargill") is a national meat production company that owns and operates a poultry processing facility in Guntersville, Alabama (the "Guntersville Facility"). (Doc. # 1-1 ¶ 7). Cargill's meat processing system involves the use of two machines: a "drag conveyer" and a "tugger." (*Id.* ¶ 8). The proposed intervenor, Byrd Maintenance Services, Inc. ("BMSI") provides mechanical support to facilities with industrial machinery. (*See* Docs. # 1-1, 5). During the relevant time period, Plaintiff David Woodall was a BMSI employee. (Doc. # 1-1 ¶ 6).

On April 5, 2021, Plaintiff visited Cargill's Guntersville Facility to perform maintenance work on its meat processing machines. (*Id.* ¶ 10). Plaintiff claims that, while he was working on the machines, chains designed to secure the "tugger" unexpectedly malfunctioned, and as a result, he suffered severe and permanent injuries. (*Id.* ¶ 11). According to Plaintiff, Cargill caused this malfunction by negligently installing and/or maintaining the devices used to secure the tugger

where he was working. (*Id.* p 13). Plaintiff originally brought this action against Cargill in the Circuit Court of Marshall County, Alabama, and Cargill removed the case to this court on October 24, 2022. (Doc. # 1).

On November 21, 2022, BMSI filed a Motion to Intervene in this action. (Doc. # 5). BMSI claims it has a subrogation/reimbursement/lien/credit interest in this matter because it has allegedly paid at least $188,740.67 in workers' compensation benefits to Plaintiff as a result of the incident on April 5, 2021. (*Id.* ¶ 2).

**II.     Analysis**

Federal Rule of Civil Procedure 24 addresses intervention and provides:

(a)     Intervention of Right. On timely motion, the court must permit anyone to intervene who:

(1)     is given an unconditional right to intervene by a federal statute; or

(2)     claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24. Under Rule 24(a)(2), a party may intervene as a matter of right if: (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant's interest will not be represented adequately by the existing parties to the suit. *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 910 (11th Cir. 2007). A party seeking intervention "bear[s] the burden of proof to establish all four bases for intervention as a matter of right." *Burke v. Ocwen Fin. Corp.*, 833 F. App'x 288, 291 (11th Cir. 2020).

BMSI's Motion to Intervene is timely. This case was removed from state court on October 24, 2022 (Doc. # 1), and BMSI filed its Motion less than a month later, on November 21, 2022. (Doc. # 5).

Additionally, BMSI appears to undisputedly have a subrogation interest in this case, namely the $188,740.67 in workers' compensation benefits that BMSI paid to Plaintiff. (*Id.* ¶ 2). Alabama law creates a statutory right to assert a subrogation lien for workers' compensation benefits paid to an employee:

> If the injured employee, or in case of death, his or her dependents, recovers damages against the other party, *the amount of the damages recovered and collected shall be credited upon the liability of the employer for compensation*. If the damages recovered and collected are in excess of the compensation payable under this chapter, there shall be no further liability on the employer to pay compensation on account of the injury or death. *To the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement* for the amount of compensation theretofore paid on account of injury or death. If the employee who recovers damages is receiving or entitled to receive compensation for permanent total disability, then *the employer shall be entitled to reimbursement* for the amount of compensation theretofore paid . . .

Ala. Code. § 25-5-11(a) (emphasis added). In this district, "courts have found that the creation of a subrogation lien is a sufficient interest to satisfy the first requirement of Rule 24(a)." *Campbell v. Kovalev*, No. C-13-S-331-NW, 2013 WL 3833066, at *2 (N.D. Ala. July 23, 2013) (citations and internal quotations omitted).

Furthermore, BMSI's "subrogation interest sufficiently relates to the subject of the underlying action, and disposing of this action may impair or impede [BMSI]'s ability to protect said interest." *Anderson v. United States*, No. 14-cv-1182, 2015 WL 8758148, at *2 (N.D. Ala. Dec. 15, 2015). The court further finds that no party in this suit adequately represents BMSI's interests. *See id.*

3

Finally, neither Plaintiff nor Defendant object to BMSI's intervention. Thus, the court finds that BMSI is entitled to intervene in this action as a matter of right under Rule 24(a). *See id.* (allowing intervention to protect subrogation interest in workers' compensation payments made to the plaintiff); *Campbell*, 2013 WL 3833066, at *2 (same); *Stewart v. C.G. Bretting Mfg. Co.*, No. 15-cv-01863, 2016 WL 866929, at *2 (N.D. Ala. Mar. 7, 2016) (same); *Govan v. Yale Carolinas, Inc.*, No. 15-CV-624, at *1-3 (N.D. Ala. Aug. 13, 2015) (same); *see also McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir. 1970)[1] (allowing intervention by a workers' compensation carrier seeking to protect its subrogation interest created by a Mississippi statute); *Millers Mut. Ins. Ass'n v. Young*, 601 So. 2d 962, 963 (Ala. 1992) (finding that Ala. Code § 25-5-11 creates a subrogation right for carriers or employers who pay workers' compensation benefits, which "unconditionally" permits such parties to intervene in actions against third parties). Alternatively, and in any event, intervention is certainly appropriate under Rule 24(b) as BMSI's interest share common factual and/or legal issues with this action. Fed. R. Civ,. P. 24(b).

### III.   Conclusion

For the foregoing reasons, the Motion to Intervene (Doc. # 5) is due to be granted. A separate order in accordance with this memorandum opinion will be entered.

**DONE** and **ORDERED** this December 15, 2022.

                                                                                 _____
                                                                                 **R. DAVID PROCTOR**
                                                                                 UNITED STATES DISTRICT JUDGE

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc) (holding that all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981 constitute binding precedent in the Eleventh Circuit).